IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELIJAH NEAL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-24-2389 |
| JCI, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

Plaintiff Elijah Neal, who is detained at the Federal Correctional Institution at McKean, filed a civil rights complaint and was directed to either pay the full civil filing fee or file a motion to proceed in forma pauperis. ECF No. 1, 3. Neal has filed a motion to proceed in forma pauperis and because his financial information demonstrates that he is indigent, his motion will be granted. ECF No. 4. For the reasons discussed below, Neal's complaint will be dismissed for failure to state a claim.

Section 1915(e)(2)(B) and 1915A of 28 U.S.C. require a court to conduct an initial screening of this complaint and require dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).

The Court also recognizes its obligation to liberally construe the pleadings of self-represented litigants such as Neal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean, however, that the Court can ignore a clear failure in the pleading to allege a cognizable claim. *See Weller v. Dep't*

*of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Neal alleges that on September 12, 2023, while housed at Jessup Correctional Institution ("JCI"), he was required to give a urine sample. ECF No. 1 at 1. When Neal went to the proper location to give the sample, Officer Kazeem was hostile to him and made degrading comments. *Id.* Neal believes Officer Kazeem acted this way because corrections staff had difficulty locating him, although he was in his assigned work area. *Id.* Neal eventually submitted his urine sample to another officer. *Id.* Immediately after submitting the sample, Officer Kazeem told Neal that his urine had tested positive for benzodiazepines. *Id.* Neal denied using the drug and requested that his sample be sent to an outside laboratory for testing. *Id.* After seven weeks of waiting for further information, Neal was told by Officer Kazeem that his urine had in fact not tested positive. *Id.* at 2. Neal believes that Officer Kazeem's goal was to cause him "social discomfort" and he succeeded in doing so. *Id.* The delay caused Neal mental stress because he was worried he would be placed in segregation for something he had not done. *Id.* Neal seeks damages for the actions of Officer Kazeem. *Id.*

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must make an allegation that a person acting at the direction of the State has deprived the plaintiff of a right secured by the United States Constitution or another federal law.[1] *See, e.g., Filarsky v. Delia*, 566 U.S. 377

---

[1] Section 1983 provides in pertinent part that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983.

(2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017).

"The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009).

At most, the Complaint alleges that Officer Kazeem deliberately lied to Neal by telling him that he had a positive urine test. Neal does not allege that he received a disciplinary charge for use of drugs, was placed in segregated confinement, or disciplined in any way. Verbal abuse of inmates by guards, without more, does not state a claim. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005); *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); *see Pink v. Lester*, 52 F.3d 73, 75 (1995) ("[N]ot all undesirable behavior by state actors is unconstitutional.").

By separate Order that follows, the Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

<u>February 10</u> , 2025  
Date

Stephanie A. Gallagher  
United States District Judge